JONES, Justice.
This case comes from the First Judicial District of Jones County. The bill sought to cancel what was alleged to be a fraudulent conveyance to appellants. From the decree cancelling the .conveyance comes this appeal.
J. B. A. Carter and Mrs. M. C. Carter owned jointly with the right of survivor-ship certain lands situated in the First District of Jones County. J. B. A. Carter was a son of Mrs. M. C. Carter.
There were numerous heirs unnecessary to be named.
On March 19, 1968, J. B. A. Carter and his mother, Mrs. M. C. Carter, executed a deed of conveyance conveying said property to William M. Carter and his wife.
Subsequently, William M. Carter and his wife separated; and she quitclaimed her interest to the appellee herein.
The bill of complaint attacking said conveyance as fraudulent was subsequently filed; and after various amendments to join all heirs the case went to trial.
The proof showed beyond dispute that at the time of the execution of the deed J. B. A. Carter was eighty-four years of age and was paralyzed. Mrs M. C. Carter was ninety-seven years of age and had bad eyesight. The land involved was the only property they owned. These elderly people were living alone on the property, and the appellant was employed and worked in Mobile. Sometime shortly before the execution of the deed involved, it was suggested by one of the heirs of Mrs. M. C. Carter that, if the appellant would come and care for these elderly people, the other heirs might execute a deed after the death of the elderly parties so that the appellant would own the property. Subsequent to this conversation, appellan: and his wife left Mobile, he having secured a leave of absence from his employment, and moved into the house with the elderly people. After appellant and his wife had been in the home about one week, appellant initiated a talk with the grandmother about the execution of a deed. When she agreed, he secured a lawyer who prepared the deed and came to the house for the execution, the lawyer also being a notary public. The only persons at the house when the deed was executed were the two elderly people, appellant, his wife, and the lawyer employed by grantees. The other heirs knew nothing of the meeting or the purpose thereof, the deed having *883 been obtained about two weeks after appellant secured his leave of absence to come to the home of the grantors.
Both the elderly people being unable to sign the deed, their signatures were by mark. The names of the grantors were written by the wife of appellant, and presumably the grantors touched the pen for their mark. A photostatic copy of the deed in the record shows that it was filed for record at 1:20 p. m., on the day of its execution. The appellant admitted that he had carried the deed to the courthouse to have it recorded. Further, during the period they resided with the elderly people, appellant or his wife cashed the social security checks which came to the elderly people.
The appellant and his wife lived with the elderly people until July 3, 1968, such date being the date when appellant returned to his work and such date also being prior to the death of Mr. J. B. Carter on July 28, 1968. However, appellant’s wife did not move from the homeplace until about one week after the death of J. B. Carter, who was in a nursing home when he died.
Mrs. M. C. Carter was placed in a nursing home, where she died on or about March 27, 1969; but neither did the appellant know, until sometime afterwards, that his grandmother had died, nor did appellant know who had paid the medical bills for the elderly people.
Numerous witnesses who were neighbors and acquaintances of the grantors testified as to the physical condition and the mental condition of the grantors. When plaintiffs asked the defendant, while he was on the stand, what consideration he had paid for the deed, the defendant answered that there was none. The question was objected to because lack of consideration was not alleged in the complaint, it only being stated that the grantors were old, feeble, and weak —physically and mentally, and that the method by which the deed was obtained constituted a fraud on them. The court overruled the objection, saying that the lack of consideration might be a fact to be considered in connection with other evidence. The assignment of error here as well as much of apellants’ brief is devoted to the fact that the court admitted evidence of the lack of consideration.
Remembering that the charge in this case was fraud in obtaining a deed from two aged and physically and mentally weak people, we are reminded by 29 Am.Jur.2d Evidence section 254, page 305 (1967) that while some testimony standing alone may not itself be admissible, it is relevant and material when taken with other evidence in the record. We quote from the section mentioned above:
Whether evidence is relevant often depends on other evidence received in the case. Evidence need not necessarily, standing alone, be relevant and material, but it is sufficient if it forms a chain or link which, when connected with other evidence, will be relevant and material. In other words, any legal evidence from which a jury may legitimately deduce a fact in issue is admissible, if, when taken with other evidence in the case, its relevancy appears. (29 Am.Jur.2d at 305— 06).
We also quote from 13 Am.Jur.2d Cancellation of Instruments section 14, page 508 (1964).
In determining whether an instrument should be cancelled on the ground of mental weakness of the person executing it, consideration is not limited to the question whether the unsoundness of mind was of the degree generally recognized as necessary to constitute mental incompetency; other circumstances appealing to equity are weighed in reaching a decision. Most important among the circumstances that may weigh in favor of cancellation despite absence of that degree of weakness of mind which in itself would be sufficient to establish mental incompetency, are fraud, the abuse of a confidential relationship, undue influence, and gross inadequacy of the *884 consideration. The rule thus established by the cases is that mere weakness of mind is an insufficient ground for judicial cancellation of an instrument unless accompanied by other inequitable features, such as fraud or undue influence.
Old age alone does not constitute a ground for canceling an instrument on the ground of mental incompetency of a party executing it, but may be sufficient in combination with such circumstances as weakness of mind and fraud or undue influence.
The court held that this evidence of lack of consideration, when taken together with the age, the feebleness, and the weak contion of the grantors, was sufficient to establish that the deed was fraudulently obtained.
This holding is in accordance with the decisions of our Court. Clark v. Lopez, 75 Miss. 932, 23 So. 648, 957 (1898); Patterson v. Ervin, 230 So.2d 563 (Miss.1970). Of course, there are many other Mississippi cases that could be cited to the effect that when great weakness of mind and body is accompanied by a grossly inadequate consideration or no consideration, the grantors will be relieved; but it seems to us that the citation of the two above mentioned cases is sufficient.
The rule was stated clearly by Judge Story in Harding v. Wheaton, 2 Mason 378, Fed.Cas.No.6,051, wherein Judge Story said:
“Extreme weakness [of mind] will raise an almost necessary presumption of imposition, even when it stops short of legal capacity; and though a contract, in the ordinary course of things, reasonably made with such a person, might be admitted to stand, yet if it appear to be of such a nature as that such a person could not be capable of measuring its extent or importance, its reasonableness or its value, fully and fairly, it cannot be that the law is so much at variance with common sense as to uphold it.” (Patterson v. Ervin, 230 So.2d at 566).
The charge being that the grantors were aged, feeble, and impaired — physically and mentally, the evidence as to lack of consideration became particularly relevant; and the court was not in error in admitting it.
The other assignments of error we do not deem to require a response.
The case is affirmed.
Affirmed.
RODGERS, P. J., and BRADY, SMITH and SUGG, JJ., concur.